IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| I.T. PRODUCTIONS, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>DOES 1 THROUGH 3,<br><br>Defendants, | CIVIL NO. 17-00035 HG-KSC<br><br>ORDER GRANTING PLAINTIFF'S *EX-PARTE* MOTION FOR LEAVE TO SERVE THIRD PARTY SUBPOENA PRIOR TO A RULE 26(F) CONFERENCE |

ORDER GRANTING PLAINTIFF'S *EX-PARTE* MOTION
FOR LEAVE TO SERVE THIRD PARTY SUBPOENA
PRIOR TO A RULE 26(F) CONFERENCE

Before the Court is Plaintiff I.T. Productions, LLC's ("Plaintiff") *Ex-Parte* Motion for Leave to Serve Third Party Subpoena Prior to a Rule 26(f) Conference ("Motion"), filed January 25, 2017. The Court finds this matter suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice for the U.S. District Court for the District of Hawaii. After carefully considering the Motion and the applicable law, the Court hereby GRANTS Plaintiff's *Ex-Parte* Motion for the reasons set forth below.

## BACKGROUND

On January 25, 2017, Plaintiff commenced this copyright infringement action. Plaintiff alleges violations for direct and contributory copyright infringement, pursuant to 17 U.S.C. § 101, et seq. Plaintiff claims that it is the owner of the copyright in the motion picture “I.T.”. According to Plaintiff, Defendants used BitTorrent to commit copyright infringement.

After conducting an investigation, Plaintiff was able to identify Defendants’ IP addresses and the related Internet Service Provider (“ISP”) as Hawaiian Telcom.

## DISCUSSION

Plaintiff seeks an order authorizing it to conduct limited early discovery for the purpose of identifying Doe Defendants. In particular, Plaintiff wishes to issue a third-party subpoena on Hawaiian Telcom.

Federal Rule of Civil Procedure ("FRCP") 26(d)(1) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized . . . by court order."[1] Fed. R. Civ. P. 26(d)(1). In rare situations, however, "courts have made exceptions, permitting limited discovery to ensure after filing of the complaint to permit the plaintiff to learn the identifying facts necessary to permit service on the defendant." Columbia Ins. Co. v. Seescandy.com, 185 F.R.D. 573, 577 (N.D. Cal. 1999) (citing Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980)). Courts permit early discovery when a plaintiff has established good cause. "Good cause" may be found where the "need for expedited discovery, in consideration of the administration of justice,

[1] This rule applies with equal force to subpoenas served on non-parties. Platinum Mfg. Int'l, Inc. v. UniNet Imaging, Inc., No. 8:08-cv-310-T-27MAP, 2008 WL 927558, at *1 n.2 (M.D. Fla. Apr. 4, 2008) (citing Crutcher v. Fidelity Nat'l Ins. Co., 2007 WL 430655 (E.D. La. 2007)).

outweighs the prejudice to the responding party." Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273, 276 (N.D. Cal. 2002).

The Ninth Circuit permits the use of discovery to ascertain the identities of unknown defendants, "unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." Gillespie, 629 F.2d at 642. A three-factor test is employed in deciding whether to permit early discovery to identify defendants.

> First, "the plaintiff should identify the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court." Second, the plaintiff "should identify all previous steps taken to locate the elusive defendant" to ensure that the plaintiff has made a good faith effort to identify and serve process on the defendant. Third, the "plaintiff should establish to the Court's satisfaction that plaintiff's suit against defendant could withstand a motion to dismiss." Further "the plaintiff should file a request for discovery with the Court, along with a statement of reasons justifying the specific discovery requested as well as

> identification of a limited number of persons or entities on whom discovery process might be served and for which there is a reasonable likelihood that the discovery process will lead to identifying information about defendant that would make service of process possible."

Dallas Buyers Club, LLC v. Doe–72.199.251.97, No. 15cv2033–BAS (DHB), 2015 WL 5675540, at *2 (S.D. Cal. Sept. 25, 2015) (quoting Columbia, 185 F.R.D. at 578-80) (internal citations omitted). Courts have also considered whether the responding or opposing party would suffer prejudice, whether the expedited discovery would substantially contribute to the case moving forward, and whether the requested information is likely to lead to identifying information. Patrick Collins, Inc. v. Does 1-1219, No. C 10-14468 LB, 2010 WL 5422569, at *2 (N.D. Cal. Dec. 28, 2010); AF Holdings, LLC v. Doe, Civ. No. S-12-1078 GEB GGH, 2012 WL 1610185, at **2-3 (E.D. Cal. May 8, 2012).

Courts have found that good cause exists to permit "expedited discovery to ascertain the identities of Doe defendants in copyright infringement actions."

AF Holdings, 2012 WL 1610185, at *2 (citing UMG Recordings, Inc. v. Doe., No. C-08-03999 RMW, 2008 WL 4104207 (N.D. Cal. Sept. 4, 2008); Arista Records LLC v. Does 1-43, Civil No. 07cv2357-LAB (POR), 2007 WL 4538697 (S.D. Cal. Dec. 20, 2007)).

A. Identification of Missing Party with Sufficient Specificity

The Court finds that Plaintiff has identified Defendants with enough specificity to enable the Court to determine that Defendants are real persons or entities who would be subject to the Court's jurisdiction. Exhibit 1 of the Complaint lists the IP addresses of each Defendant, the date of the alleged infringement, the name of the infringing file, and the counties in which the IP addresses are located within the State of Hawaii. 808 Holdings, LLC v. Collective of Dec. 29, 2011 Sharing Hash, Civil No. 12cv00186 MMA(RBB), 2012 WL 1648838, at *4 (S.D. Cal. May 4, 2012) ("[A] plaintiff identifies Doe defendants with sufficient specificity by providing the unique IP addresses assigned to an individual defendant on the

day of the allegedly infringing conduct, and by using 'geolocation technology' to trace the IP address to a physical point of origin."). Plaintiff also identified Hawaiian Telcom as the ISP that provided the IP addresses associated with Defendants.

B. Steps Taken to Locate Defendants

Plaintiff has made good faith efforts to locate Defendants. It obtained IP addresses, as well as the ISP and counties associated with those addresses. However, this information did not allow Plaintiff to ascertain the subscriber's identity or the identities of the actual Defendants. Cobbler Nevada, LLC, v. Doe-68.7.61.76, No. 15-CV-2031-GPC(JMA), 2015 WL 5675516, at *2 (S.D. Cal. Sept. 25, 2015) (citing Columbia, 185 F.R.D. at 579).

C. Ability to Withstand a Motion to Dismiss

Plaintiff alleges that it is the copyright owner of "I.T."; that Defendants copied the constituent elements of "I.T." without authorization, permission, or consent; and that it suffered damages as a result.

With respect to its contributory copyright infringement claim, Plaintiff alleges that each Defendant caused or materially contributed to the infringing conduct of each other Defendant; that it did not authorize Defendants' conduct; and that Defendants caused it to suffer damages. The Court finds that for the purpose of this Motion, Plaintiff has demonstrated that its claims could survive a motion to dismiss.

D. Expedited Discovery's Contribution to Moving the Case Forward

The requested early discovery here would substantially contribute to the orderly and expeditious administration of this case. Without determining Defendants' identities, Plaintiff cannot proceed with this action. It cannot identify Defendants in its pleadings, it cannot serve Defendants, and it cannot conduct a Rule 26(f) conference. AF Holdings, 2012 WL 1610185, at *2.

E. Prejudice to the Responding/Opposing Party

Although the need for expedited discovery must be balanced against the prejudice to the responding

party, Semitool, 208 F.R.D. at 276, the Court believes that Hawaiian Telcom would suffer little to no prejudice if it is ordered to produce the subscriber identities of a limited number of IP addresses. Neither would Defendants suffer prejudice as a result of the discovery. Plaintiff's discovery request is narrowly tailored. It seeks only to obtain the names and addresses of the subscribers associated with IP addresses on the dates reflected in Exhibit 1 to the Complaint. Plaintiff also proposes that Defendants be notified by Hawaiian Telcom of the subpoena and be given an opportunity to respond before the information is produced. These parameters ensure that Defendants will not be forced to unwarily incriminate themselves or suffer undue prejudice. AF Holdings, 2012 WL 1610185, at *3 ("Expedited discovery may be inappropriate where defendants are required to unwarily incriminate themselves before they have a chance to review the facts of the case and to retain counsel.") (citation omitted).

F. Likely to Lead to Identifying Information

Finally, the Court finds that the requested discovery is likely to lead to identifying information. Plaintiff has provided IP addresses for specific dates in Honolulu County. Given the availability of this information, the requested discovery should reveal the identities of the Doe Defendants.

Based on the foregoing, the Court finds that Plaintiff has demonstrated good cause to conduct early discovery.

CONCLUSION

The Court hereby GRANTS Plaintiff's *Ex-Parte* Motion for Leave to Serve Third Party Subpoena Prior to a Rule 26(f) Conference, filed January 25, 2017, as follows:

(1) Plaintiff is allowed to serve Rule 45 subpoenas on Hawaiian Telcom to obtain the name and addresses of each subscriber associated with the IP addresses on the dates set forth in Exhibit 1 to the Complaint.

(2) Plaintiff shall serve a copy of this Order with any subpoenas issued pursuant to this Order.

(3) The subpoenas authorized by this Order shall be

deemed appropriate court orders under 47 U.S.C. § 551.

(4) Hawaiian Telcom shall have 30 days from the date of service upon them to serve the subscribers of the IP addresses with a copy of the subpoenas and a copy of this Order. Hawaiian Telcom may serve the subscribers by any reasonable means, including written notice sent to the subscriber's last known address via first class mail.

(5) The subscribers shall have 30 days from the date of service upon them to file any motions in this court contesting the subpoena. If that 30-day period lapses without a subscriber contesting the subpoena, Hawaiian Telcom shall have 10 days to produce the information responsive to the subpoenas to Plaintiff.

(6) After Hawaiian Telcom is properly served with Rule 45 subpoenas as detailed above, Hawaiian Telcom shall preserve all subpoenaed information pending the delivery of such information to Plaintiff or the resolution of a timely filed and granted motion to quash the subpoena with respect to such information.

(7) Any information disclosed to Plaintiff in response to a subpoena may be used by Plaintiff solely for the purpose of protecting its rights under the Copyright Act, 17 U.S.C. § 101, et seq.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 27, 2017.

UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

Kevin S.C. Chang
United States Magistrate Judge

CV 17-00035 HG-KSC; I.T. PRODUCTIONS, LLC V. DOES 1 THROUGH 3; ORDER GRANTING PLAINTIFF’S *EX-PARTE* MOTION FOR LEAVE TO SERVE THIRD PARTY SUBPOENA PRIOR TO A RULE 26(F) CONFERENCE